IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KURT KINGSLEY,**

      **Plaintiff,**

      v.                                                                                           CASE NO. 25-3137-JWL

**GEO TRANSPORT, INC.,**
et al.,

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Kurt Kingsley is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se negligence action. Plaintiff is incarcerated at FCI-Marion in Marion, Illinois. The Court grants Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2). Plaintiff names as defendants: Geo Transport, Inc.; a (fnu) (lnu) female Transport Officer with GEO Transport; and a (fnu) (lnu) male Transport Officer with GEO Transport.

Plaintiff brings the same claims that he raised in a previous action filed in this Court. *See Kingsley v. United States*, Case No. 24-3193-JWL (D. Kan.). Plaintiff alleges that on April 10, 2023, while in the custody of the U.S. Marshals, Plaintiff was transported by GEO Transport, Inc., to the United States Courthouse in Kansas City, Kansas. (Doc. 1, at 6.) Plaintiff states that during any transport, all detainees must wear leg shackles and cuffs strapped to a chain around their waist for security purposes. *Id*. Plaintiff claims that as he was exiting the van his shackle chain lodged in between the cracks of the runner. *Id*. Plaintiff alleges that the Transport Officers failed to

1

physically support Plaintiff as he was exiting, and as a result, Plaintiff pitched forward and fell from a foot off the ground without the ability to brace his fall due to the arm restraints. *Id.*

Plaintiff claims that he suffered significant physical injuries, primarily to his neck and the right side of his ribs and shoulder area. *Id.* Plaintiff alleges that the transport officers offered to transport him to the hospital, but Plaintiff declined because he was transported there to attend his long-awaited sentencing hearing. *Id.* Plaintiff alleges that after the fall he heard one of the transport officers say to the other—"I told them they need to replace those runners." *Id.* Plaintiff alleges that he was not offered another trip to the hospital after his sentencing hearing, and he was returned to USP-Leavenworth where he sought medical treatment from the staff there. *Id.* Plaintiff claims that he was told he would receive x-rays and they recommended over the counter pain medicines. *Id.* Plaintiff alleges that he waited weeks for the x-rays but was unable to receive them before he was transferred to FCI-Marion. *Id.*

Plaintiff claims that he is seeking damages for the Defendants' negligence. *Id.* at 8. Plaintiff alleges that GEO Transport was negligent because they were aware that their equipment was faulty and potentially could cause injury, but chose not to replace or fix the runners of the van. *Id.* Plaintiff alleges that the transport officers were negligent for failing to provide physical assistance or support to Plaintiff as he exited the van when they were aware of the potential danger. *Id.* He also alleges that they were negligent for not ensuring that Plaintiff was not seriously hurt by taking him the hospital before returning him to USP-Leavenworth. *Id.* Plaintiff is seeking $50,000 from each defendant for a total of $150,000 in damages. *Id.*

**II. Statutory Screening of Prisoner Complaints**

The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:

> at any time if the court determines that—
> (A) the allegation of poverty is untrue; or

>> (B) the action or appeal—
>> > (i) is frivolous or malicious;
>> > (ii) fails to state a claim on which relief may be granted; or
>> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d

1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Jurisdiction

Plaintiff brought these same claims under the Federal Torts Claim Act ("FTCA") in Case No. 24-3193. The Court found that the duty of the Marshals Service to transport federal prisoners is delegable, and Plaintiff failed to show that the transport officers were federal employees for purposes of a claim under the FTCA. *See* Case No. 24-3193, at Doc. 6. The Court also held that a remedy was unavailable under *Bivens*[1] and Plaintiff failed to show that any defendant was acting under color of state law as required under 42 U.S.C. § 1983. *Id*. The Court then held that:

> To the extent Plaintiff seeks to pursue a negligence claim against
> GEO Transport and its transport officers, he has failed to show that

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

> this Court has jurisdiction over such a claim. Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).
>
> Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). Plaintiff has not asserted that there is complete diversity, and his request for relief seeks $32,000 in compensatory damages. Therefore, this case is dismissed for lack of jurisdiction.

*Id*. at Doc. 6, at 4.

Although Plaintiff's current case raises his request for relief to $150,000, he still fails to assert diversity jurisdiction. "A bedrock rule in litigation is that '[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.' " *Markley v. U.S. Bank Nat'l Ass'n*, ___ F.4th ___, 2025 WL 1739390, at n.3 (10th Cir. June 24, 2025) (citing *Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008); *see also Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126 (1st Cir. 2005) ("The burden of proving the existence of diversity jurisdiction lies with the pleader.") (alterations and citation omitted)). "[E]ven pro se plaintiffs . . . bear the burden of demonstrating a proper basis for a federal court's subject-matter jurisdiction." *Soto v. Kalatzes*, 2022 WL 1831258, at *2 (10th Cir. 2022) (unpublished) (citations omitted); *see also Parker v. WI Waterstone, LLC*, 790 F. App'x 926, 929 (10th Cir. 2019) (unpublished) (noting that the amended complaint lacked sufficient information to establish citizenship of either party and the burden to meet this requirement lies with plaintiff, the "party asserting jurisdiction") (citation omitted).

### 2. Statute of Limitations

Even if Plaintiff can meet his burden of establishing diversity jurisdiction, it appears that his claims are barred by the statute of limitations. "A federal court with diversity jurisdiction 'applies the substantive law of the state where it is located, including the state's statutes of limitations.'" *Ziots v. Stryker Corp.*, 655 F. App'x 622, at 624 (10th Cir. 2016) (unpublished) (quoting *Elm Ride Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1210 (10th Cir. 2013)). Therefore, Kansas law would control the statute of limitations. Under Kansas law, tort claims have a two-year statute of limitations period under K.S.A. § 60-513(a). *See Wille v. Davis*, 650 F. App'x 627, at n.2 (10th Cir. 2016) (unpublished).

Plaintiff claims that he was injured on April 10, 2023. Plaintiff filed this case with the Court on July 17, 2025. Although Plaintiff dates his Complaint March 26, 2025, he mailed the Complaint in the same envelope with his Motion for Leave to Proceed in Forma Pauperis (Doc. 2). His motion attaches his prison account statement with a Report Date of June 24, 2025. (Doc. 2–1, at 3.) Thus, it appears that Plaintiff filed this case more than two years after the incident that forms the basis for his claims in this case. *See Woods v. U.S. Dep't of Justice Federal Bureau of Prisons*, 2022 WL 4398029, at *1 (S.D. Tex. 2022), *adopted by* 2022 WL 6216727 (S.D. Tex. 2022) (recommending granting summary judgment in favor of GEO Transport where plaintiff was aware he was injured when he was left unattended in a transport van and the two-year statute of limitations began to run on that date).

Plaintiff has not suggested that he is entitled to statutory or equitable tolling. A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle v. Pierson*, 435 F.3d 1252, 1258–59 (10th Cir. 2006), *cert. denied* 549 U.S. 1059 (2006); *see also Jones v. Bock*,

549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

## V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for lack of jurisdiction and as barred by the applicable statute of limitations. Failure to respond by the deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **granted.** Notwithstanding this grant of leave, Plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of Plaintiff shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 21, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated July 21, 2025, in Kansas City, Kansas.**

                                              **S/ John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**