IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT KINGSLEY,

    **Plaintiff,**

    v.                                        CASE NO. 25-3137-JWL

GEO TRANSPORT, INC.,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se negligence action. Plaintiff is incarcerated at FCI-Marion in Marion, Illinois. The Court granted Plaintiff leave to proceed in forma pauperis. On July 21, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until August 21, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations are set forth in detail in the MOSC. Plaintiff brings the same claims that he raised in a previous action filed in this Court. *See Kingsley v. United States*, Case No. 24-3193-JWL (D. Kan.). Plaintiff alleges that on April 10, 2023, while in the custody of the U.S. Marshals, Plaintiff was transported by GEO Transport, Inc., to the United States Courthouse in Kansas City, Kansas. (Doc. 1, at 6.) Plaintiff states that he was injured as he was exiting the van when his shackle chain lodged in between the cracks of the runner. Plaintiff alleges that the Transport Officers failed to physically support Plaintiff as he was exiting, and as a result, Plaintiff

pitched forward and fell from a foot off the ground without the ability to brace his fall due to the arm restraints. *Id*.

Plaintiff names as defendants: Geo Transport, Inc.; a (fnu) (lnu) female Transport Officer with GEO Transport; and a (fnu) (lnu) male Transport Officer with GEO Transport. Plaintiff claims that he is seeking damages for the Defendants' negligence. *Id*. at 8. Plaintiff is seeking $50,000 from each defendant for a total of $150,000 in damages. *Id*.

Plaintiff brought these same claims under the Federal Torts Claim Act ("FTCA") in Case No. 24-3193. The Court found that the duty of the Marshals Service to transport federal prisoners is delegable, and Plaintiff failed to show that the transport officers were federal employees for purposes of a claim under the FTCA. *See* Case No. 24-3193, at Doc. 6. The Court also held that a remedy was unavailable under *Bivens*[1] and Plaintiff failed to show that any defendant was acting under color of state law as required under 42 U.S.C. § 1983. *Id*. The Court then held that:

> To the extent Plaintiff seeks to pursue a negligence claim against GEO Transport and its transport officers, he has failed to show that this Court has jurisdiction over such a claim. Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).
>
> Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). Plaintiff has not asserted that there is complete diversity, and his request for relief seeks $32,000 in compensatory damages. Therefore, this case is dismissed for lack of jurisdiction.

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

*Id*. at Doc. 6, at 4.

The Court found in the MOSC that although Plaintiff's current case raises his request for relief to $150,000, he still fails to assert diversity jurisdiction. "A bedrock rule in litigation is that '[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.' " *Markley v. U.S. Bank Nat'l Ass'n*, ___ F.4th ___, 2025 WL 1739390, at n.3 (10th Cir. June 24, 2025) (citing *Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008); *see also Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126 (1st Cir. 2005) ("The burden of proving the existence of diversity jurisdiction lies with the pleader.") (alterations and citation omitted)). "[E]ven pro se plaintiffs . . . bear the burden of demonstrating a proper basis for a federal court's subject-matter jurisdiction." *Soto v. Kalatzes*, 2022 WL 1831258, at *2 (10th Cir. 2022) (unpublished) (citations omitted); *see also Parker v. WI Waterstone, LLC*, 790 F. App'x 926, 929 (10th Cir. 2019) (unpublished) (noting that the amended complaint lacked sufficient information to establish citizenship of either party and the burden to meet this requirement lies with plaintiff, the "party asserting jurisdiction") (citation omitted).

The Court also found in the MOSC that even if Plaintiff could meet his burden of establishing diversity jurisdiction, it appears that his claims are barred by the statute of limitations. "A federal court with diversity jurisdiction 'applies the substantive law of the state where it is located, including the state's statutes of limitations.'" *Ziots v. Stryker Corp.*, 655 F. App'x 622, at 624 (10th Cir. 2016) (unpublished) (quoting *Elm Ride Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1210 (10th Cir. 2013)). Therefore, Kansas law would control the statute of limitations. Under Kansas law, tort claims have a two-year statute of limitations period under K.S.A. § 60-513(a). *See Wille v. Davis*, 650 F. App'x 627, at n.2 (10th Cir. 2016) (unpublished).

Plaintiff claims that he was injured on April 10, 2023. Plaintiff filed this case with the

3

Court on July 17, 2025. Although Plaintiff dates his Complaint March 26, 2025, he mailed the Complaint in the same envelope with his Motion for Leave to Proceed in Forma Pauperis (Doc. 2). His motion attaches his prison account statement with a Report Date of June 24, 2025. (Doc. 2–1, at 3.) Thus, it appears that Plaintiff filed this case more than two years after the incident that forms the basis for his claims in this case. *See Woods v. U.S. Dep't of Justice Federal Bureau of Prisons*, 2022 WL 4398029, at *1 (S.D. Tex. 2022), *adopted by* 2022 WL 6216727 (S.D. Tex. 2022) (recommending granting summary judgment in favor of GEO Transport where plaintiff was aware he was injured when he was left unattended in a transport van and the two-year statute of limitations began to run on that date).

Plaintiff has not suggested that he is entitled to statutory or equitable tolling. A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle v. Pierson*, 435 F.3d 1252, 1258–59 (10th Cir. 2006), *cert. denied* 549 U.S. 1059 (2006); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

The Court ordered Plaintiff to show good cause why Plaintiff's Complaint should not be dismissed for lack of jurisdiction and as barred by the applicable statute of limitations. The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice." (Doc. 3, at 7.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated August 25, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
